# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EDWARD M. HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-01966-JMS-MJD |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| MIKE PENCE, | ) | |
| BRUCE LEMMON, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Assessing Initial Partial Filing Fee,
Dismissing Complaint and Directing Further Proceedings**

## I.      Motion to Proceed *In Forma Pauperis*

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted.** The plaintiff is assessed an initial partial filing fee of Three Dollars and Ninety-Three Cents ($3.93).  He shall have **through January 19, 2016,** in which to pay this sum to the clerk of the district court.

## II.      Screening

Plaintiff Edward Hampton, an inmate of the Correctional Industrial Facility, brings this complaint pursuant to 42 U.S.C. § 1983. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted).

The complaint names three defendants: 1) the Indiana Department of Correction ("IDOC"); 2) Governor Mike Pence; and 3) IDOC Commissioner Bruce Lemmon. The plaintiff alleges that he was placed on the Restricted Movement Unit ("RMU") at Wabash Valley Correctional Facility ("Wabash Valley") on October 30, 2015. He alleges that he was denied the opportunity to go to the law library while he was in the RMU in violation of his First and Fourteenth Amendment rights. He further alleges that "[t]he IDOC has allowed Wabash Valley to commit illegal acts regarding their RMU for years and the Governor's duty is to oversee the Commissioner who is given his job by the Governor." The plaintiff seeks injunctive relief in the form of closing the RMU, as well as punitive damages.

Any claim for injunctive relief is **dismissed as moot** because the plaintiff is no longer incarcerated at Wabash Valley.

The plaintiff's constitutional claims relating to the denial of law library access are **dismissed for failure to state a claim upon which relief can be granted** because he has not alleged any resulting injury, meaning that "some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy,* 674 F.3d 658, 661 (7th Cir. 2012). *See also Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir.2006) ("[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights …."). The plaintiff has not identified any legal claim that he has been prevented from pursuing as a result of the denial of time in the prison law library.

Any claim against the IDOC is **dismissed for failure to state a claim** upon which relief can be granted because the State or a state agency cannot be sued in federal court due to Indiana's Eleventh Amendment immunity. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

Any claim against Governor Pence is **dismissed for failure to state a claim upon which relief can be granted** because he is named only because he allegedly "oversees" or hired the Commissioner. The Governor does not directly manage or run Wabash Valley. State officials are not liable for alleged constitutional wrongdoing on the part of their subordinates. Without personal participation, there can be no recovery under 42 U.S.C. § 1983. In a section 1983 claim, "individual-capacity claims cannot rest on a *respondeat superior* theory." *Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015); *Vinson v. Vermillion County, Illinois,* 776 F.3d 924, 928 (7th Cir. 2015) ("there is no *respondeat superior* liability for section 1983 claims").

Any claim against Commissioner Lemmon is **dismissed for failure to state a claim upon which relief can be granted** because he did not personally participate in denying the plaintiff access to the law library. *Id.*

### III.  Further Proceedings

For the reasons set forth above, the complaint is **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A. The plaintiff shall have **through January 19, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to

respond to an order to show cause before a case is "tossed out of court without giving the applicant

any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

       If the plaintiff fails to show cause or seek leave to amend his complaint, the action will be

dismissed for the reasons set forth in this Entry.

       **IT IS SO ORDERED.**

Date:   December 16, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

EDWARD M. HAMPTON
988987
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064