UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWARD M. HAMPTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:15-cv-01966-JMS-MJD |
| INDIANA DEPARTMENT OF CORRECTIONS, MIKE PENCE, BRUCE LEMMON, | ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

The complaint in this action was screened in accordance with 28 U.S.C. § 1915A(b), and the complaint was dismissed for failure to state a claim upon which relief can be granted. The plaintiff was given an opportunity to show cause why the action should not be dismissed, and he has filed a response and memorandum of law.

The plaintiff continues to argue that his First Amendment rights were violated when he was not allowed access to the law library while confined in the Restricted Movement Unit ("RMU") at Wabash Valley Correctional Facility. He has not, however, identified any legal injury that resulted from that restriction. The temporary denial of access to the law library by itself does not violate the plaintiff's constitutional right to access the courts. The plaintiff has not alleged any specific injury from that denial, meaning any particular nonfrivolous claim or case that he was prevented from filing. *See In re Maxy,* 674 F.3d 658, 661 (7th Cir. 2012). *See also Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir.2006) ("[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights ….").

The plaintiff also argues that his placement in the RMU for administrative reasons violated his rights because he had not met the disciplinary criteria to be placed in that dorm. This claim fails to state a claim upon which relief can be granted because prisoners do not have a constitutional right to remain in any particular housing assignment. *Williams v. Faulkner,* 837 F.2d 304, 309 (7th Cir. 1988). Being placed in a housing unit less desirable to the plaintiff did not create an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Therefore, any claim relating to his placement in the RMU fails to state a claim upon which relief can be granted.

The Court has considered the plaintiff's response and memorandum of law, but for the reasons set forth in the Entry of December 16, 2015, the complaint fails to state a claim upon which relief can be granted and the action therefore must be **dismissed pursuant to 28 U.S.C. § 1915A(b).** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: __December 30, 2015__

*(signature)*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

EDWARD M. HAMPTON
988987
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064